UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL ANTHONY THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00578-JMS-MG |
| ) | |
| KOLEHOUSE, et al., ) | |
| ) | |
| Defendants. ) | |

**Order Granting Motion for Summary Judgment
and Directing Entry of Final Judgment**

Plaintiff Michael Thomas filed this action contending that his constitutional rights were violated while he was incarcerated at the Knox County Jail ("the Jail"). Specifically, Mr. Thomas alleges that the defendants subjected him to excessive force and unsanitary conditions of confinement and denied him water and restroom access. Defendants move for summary judgment arguing that his failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") before filing this lawsuit. For the reasons explained below, the motion for summary judgment, dkt. [27], is **GRANTED** and this action is dismissed without prejudice.

**I.
Summary Judgment Standard**

Parties in a civil dispute may move for summary judgment, which is a way to resolve a case short of a trial. See Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any of the material facts, and the moving party is entitled to judgment as a matter of law. *Id.*; *Pack v. Middlebury Comm. Schs.*, 990 F.3d 1013, 1017 (7th Cir. 2021). A "genuine dispute" exists when a reasonable factfinder could return a verdict for the nonmoving

party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). "Material facts" are those that might affect the outcome of the suit. *Id*.

When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the materials cited by the parties, see Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Tr. of Ind. Univ*., 870 F.3d 562, 573-74 (7th Cir. 2017).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325. Indeed, "[t]he court has no duty to search or consider any part of the record not specifically cited" in accordance with the local rules. S.D. Ind. L.R. 56 1(h); see S.D. Ind. L.R. 56 1(e) ("A party must support each fact the party asserts in a brief with a citation to a discovery response, a deposition, an affidavit, or other admissible evidence. . . . The citation must refer to a page or paragraph number or otherwise similarly specify where the relevant information can be found in the supporting evidence.").

In this case, Defendants have met that burden through their unopposed motion for summary judgment. Mr. Thomas was given several extensions of time to respond to the motion. Dkt. 31;

dkt. 36 (denying motion for assistance with recruiting counsel but granting extension to respond); dkt. 38 (granting motion for status and providing final extension of time). Instead of filing a response to the motion, Mr. Thomas filed a letter to the magistrate judge, which was docketed as a response to the motion for summary judgment, in which he asks for an extension of time and states that he needs to subpoena the Jail's records before he can respond to the motion for summary judgment. Dkt. 39. Much of the records he identifies in that motion, however, are related to the conditions he experienced at the Jail, not just his grievances, which are the subject to the motion for summary judgment. *See* dkt. 39-1 at 5. The defendants respond to that filing stating that discovery relevant to Mr. Thomas's use of the grievance process has been provided to Mr. Thomas several times. Dkt. 40 at 3-4. Moreover, Mr. Thomas has had ample time since the motion for summary judgment was filed to seek any additional discovery. Therefore, his filing of December 18, 2023, is not treated as a response to the motion for summary judgment.[1] Further, his request for additional time to respond is **denied** because he was given several extensions of time to respond to the motion for summary judgment and warned that the failure to file a response would result in the motion being treated as unopposed. Dkt. 38. Accordingly, facts alleged in the motion are "admitted without controversy" so long as support for them exists in the record. See S.D. Ind. L.R. 56-1(b) (party opposing judgment must file response brief and identify disputed facts). "Even where a non-movant fails to respond to a motion for summary judgment, the movant still has to

---

[1] Before Defendants filed their motion for summary judgment, Mr. Thomas filed a "Statement Regarding Claims." Dkt. 24. This document does not comply with either Rule 56 of the Federal Rules of Civil Procedure or this Court's Local Rule 56-1. Namely, this filing does not cite admissible evidence in support of its assertions. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (district court may strictly enforce local summary judgment rules). His Statement Regarding Claims is not treated as a response and therefore is not considered in ruling on the motion for summary judgment.

show that summary judgment is proper given the undisputed facts." *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (cleaned up).

## II.
## Factual Background

At all times relevant to the claims in this suit, Mr. Thomas was incarcerated at the Knox County Jail.

The Jail has an inmate grievance procedure. Dkt. 32-2 at 2, 6-7. When Mr. Thomas was confined there, grievances were primarily submitted electronically through a kiosk or a handheld device through software called "Combined Public Communications." *Id.* at 2. Each inmate had a pin number with which he could log into the software. *Id.* When an inmate logged in, a menu would appear which would allow the inmate to select the type of communication he wanted to submit including grievance, request, or medical request. *Id.* The submissions would originate from an email address for the inmate. *Id.* Mr. Thomas's email address was b6xh9l18@cpcvisit.com. *Id.* at 2, 8-14.

Inmate submissions went to an email address depending on the type of submission. *Id.* at 2. General requests and grievances would go to request@knoxcounty.in.gov. *Id.* If the inmate selected grievance, the matter would be treated as a grievance. *Id.* The software generated a subject line of either "Inmate Request" or "Grievance" with a number. *Id.*

On each shift, the sergeant or his designee regularly reviewed the inmate communications. *Id.* If the reviewing officer was the subject of a grievance, the officer was to immediately notify the person above him or her on the chain of command. *Id*. Otherwise, the person would evaluate and pass information as needed. *Id.* If the matter was unresolved, it would be forwarded to the jail commander for review. *Id*. The inmate handbook in effect at the time allowed appeal of the initial response to a grievance first to the jail commander and then to the sheriff. *Id.* at 6-7. As an

alternative to submitting an electronic grievance, an inmate could request a paper grievance form from any officer. *Id.* at 3.

Submissions through the Combined Public Communications Software do not generate an automated response indicating that the submission was received. *Id.* Instead, the inmate receives a response only if a staff member sends one. *Id.* at 3-4.

A review of the requests and grievances submitted by Mr. Thomas revealed five requests but no grievances. *Id.* at 3, 8-12.

### III. Discussion

The PLRA requires that a prisoner exhaust available administrative remedies before suing over prison conditions. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002) (citation omitted).

"To exhaust administrative remedies, a prisoner must comply strictly with the prison's administrative rules by filing grievances and appeals as the rules dictate." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (*citing Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)). A "prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)).

"Because exhaustion is an affirmative defense," the defendants face the burden of establishing that "an administrative remedy was available and that [Mr. Thomas] failed to pursue it." *Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or

may be obtained.'" *Ross v. Blake*, 578 U.S. 632, 642 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id*. (internal quotation omitted).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018). "An inmate must comply with the administrative grievance process that the State establishes.…" *Id*.; *see also Ross v. Blake,* 136 S. Ct. 1850, 1856 (2016) (the mandatory language of the PLRA "means a court may not excuse a failure to exhaust…").

Defendants have met their burden of proving that Mr. Thomas "had available [administrative] remedies that he did not utilize." *Dale*, 376 F.3d at 656. Indeed, Mr. Thomas submitted requests and medical requests during his time at the Jail, but no grievances. *See* dkt. 32-2 at 3-4, 8-14. While the communication software allows an inmate to choose to send a grievance when submitting a communication, there is no record that Mr. Thomas did so. *Id.* Further, by failing to respond to the motion for summary judgment Mr. Thomas has not identified a genuine issue of material fact supported by admissible evidence that counters the facts established by the defendants.

In short, Mr. Thomas did not complete the available administrative process as required before filing this lawsuit. *Reid*, 962 F.3d at 329. The consequence of his failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that his claims against Defendants must be dismissed without prejudice. *Id*; *see also Ford,* 362 F.3d at 401 (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

For the above reasons, the defendants' unopposed motion for summary judgment, dkt. [27], is **GRANTED**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 1/30/2024

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MICHAEL ANTHONY THOMAS
972020
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

Rosemary L. Borek
Knight Hoppe Kurnik & Knight, LTD
rborek@khkklaw.com

Pamela G. Schneeman
Knight Hoppe Kurnik & Knight, Ltd.
pschneeman@khkklaw.com